Esther V. BIXLER and Trevor W. Bixler, Co-Executors of the Estate of Walter L. Bixler, Deceased, Plaintiffs

v.

UNITED STATES of America, Defendant.

Civ. No. 84–1059.

United States District Court, D. South Dakota, N.D.

May 31, 1985.

Richard H. Battey, Gallagher & Battey, Redfield, S.D., for plaintiffs.

Frank G. Gokey, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

### CASE SUMMARY

This case has been submitted to this Court on stipulated facts, and with but one issue for this Court to determine: whether decedent's estate is entitled, under the Economic Recovery Tax Act of 1981, to retroactively qualify for the special use valuation of Internal Revenue Code Section 2032A. The Court finds that decedent is not so entitled, and must enter judgment for defendant.

### BACKGROUND

The Tax Reform Act of 1976, as codified at 26 U.S.C. § 2032A, provided that, under certain circumstances, real property used in a farm or other closely held business could be included in a decedent's gross estate at a value less than its fair market value, thus substantially reducing a decedent's federal estate tax liability. One test under the original version of § 2032A was that the property must have been actually operated as a farm, with "material participation" by the decedent. Property rented to another person, with the decedent receiving the earnings as investment income, was not eligible for the special use valuation.

When decedent here died on September 5, 1979, with his estate tax return filed on June 2, 1980, the executor was unable to elect special use valuation because the real estate was not being operated by the decedent, but had been leased to decedent's son. Accordingly, the estate tax return originally filed stated "no" in response to the question, "Do you elect the special valuation ...?". Decedent's estate paid a total of $19,927.18 in estate taxes.

Subsequently, however, Congress enacted, as a part of the Economic Recovery Tax Act of 1981 (hereinafter ERTA), a variety of changes in the special use valuation

rules under § 2032A. Among these amendments was one that, had it been in effect at the time decedent's original return was filed, would have qualified decedent's estate for special use valuation. Section 425(b)(1) of ERTA. This particular amendment, as well as several others, was made at least partially retroactive under § 421(k)(5), and it was on the basis of § 421(k)(5) that decedent's estate filed the necessary forms on February 8, 1982 to attempt to qualify for the special use valuation. Had decedent's claim been allowed, decedent's estate tax would have been reduced to zero, and the estate would have been entitled to a refund of the $19,927.18 previously paid. Defendant denied the claim, and this action seeking the refund was timely commenced in this Court.

### DISCUSSION

As both sides of this action agree, the interpretation of § 421(k)(5) of ERTA, which is necessary to the resolution of this case, is not a simple matter, and is done in the absence of case law. The text of § 421(k) provides:

## ECONOMIC RECOVERY TAX ACT OF 1981, SECTION 421(k) EFFECTIVE DATES.—

(1) *In general.*—Except as otherwise provided in this subsection, the amendments made by this section shall apply with respect to the estates of decedents dying after December 31, 1981.

(2) *Increase in limitation.*—The amendment made by subsection (a) shall apply with respect to the estates of decedents dying after December 31, 1980.

(3) *Subsection (d).*—The amendments made by subsection (d) shall apply with respect to the estates of decedents dying after December 31, 1981.

(4) *Subsection (e).*—The amendments made by subsection (e) shall apply with respect to involuntary conversions after December 31, 1981.

(5) *Certain amendments made retroactive to 1976.*—

(A) *In general.*—The amendments made by subsections (b)(1), (c)(2), (j)(1), and (j)(2) shall apply with respect to the estates of decedents dying after December 31, 1976.

(B) *Timely election required.*—Subparagraph (A) shall only apply in the case of an estate if a timely election under section 2032A was made with respect to such estate. If the time for making an election under section 2032A with respect to any estate would have otherwise expired after July 28, 1980, the time for making such election shall not expire before the date 6 months after the date of the enactment of this Act.

(C) *Reinstatement of elections.*—If any election under section 2032A was revoked before the date of the enactment of this Act, such election may be reinstated within 6 months after the date of the enactment of this Act.

(D) *Statute of limitations.*—If on the date of the enactment of this Act (or at any time within 6 months after such date of enactment) the making of a credit or refund of any overpayment of tax resulting from the amendments described in subparagraph (A) is barred by any law or rule of law, such credit or refund shall nevertheless be made if claim therefore is made before the date 6 months after such date of enactment.

Plaintiffs argue that § 421(k)(5)(A) clearly allows them to take the special use valuation, since it makes subsection (b)(1), broadening the "material participation" definition and qualifying decedent under § 2032A, retroactive to estates of decedents dying after December 31, 1976. The decedent here, of course, died on September 5, 1979, and if § 421(k)(5)(A) was read standing alone, plaintiffs would be entitled to the refund claimed.

The essence of defendant's counter argument, however, stems from the language of § 421(k)(5)(B), which states that § 421(k)(5)(A) is applicable only "if a timely election under section 2032A was made to such an estate." Defendant points out that

decedent's estate tax return did not elect special use valuation. The extension of time for making an election provided by § 421(k)(5)(B), defendant further contends, is limited by the terms of § 421(k)(5)(B) to those estates whose time for "making an election under section 2032A ... would have otherwise expired *after* July 28, 1980." (Emphasis supplied). Because the last date on which decedent's estate tax return could be filed was June 5, 1980, nine months after decedent's date of death, 26 U.S.C. § 2032A(d)(1), defendant argues that plaintiffs are not entitled to any extension of time to make the election, and are bound by the "no" box checked on the original return.

Plaintiffs' not unpersuasive response is that, given the law as it stood when the estate tax return was filed in June, 1980, it would have been impossible to lawfully elect the special use valuation. Under defendant's interpretation of § 421(k)(5)(B), plaintiffs could get the valuation now only if, in effect, they had been able to divine that what had been illegal in 1980 would be made legal in 1981. Such an absurd result, plaintiffs contend, robs § 421(k)(5)(A) of any meaning, and to avoid this result, this Court must allow plaintiffs to make the election.

If § 421(k)(5)(A) applied to only the set of circumstances present in this case, the Court would be inclined to agree with plaintiffs' position. As the full text of the statute cited *supra*, however, indicates, § 421(b)(1) is not the only provision made retroactive; § (c)(2) (property passing to discretionary trusts made eligible), (j)(1) (property purchased from estate by qualified heir made eligible), and (j)(2) (two-year grace period during which failure to make qualified use of property will not result in recapture tax) are all made retroactive. It is clear that at least some of these changes address situations in which the special use valuation would necessarily have been timely elected. This is particularly true of the change made by § 421(j)(2). Obviously, the new two-year grace period could *only* be available in situations in which the es-

tate had elected special use valuation; if such valuation had not been elected there would be no need for any grace period during which the property was not being used in accordance with the requirements placed upon it by reason of a special use election.

From this perspective, it was not absurd to draft the statutes in question to impose the requirement that an estate have already elected special use valuation to be eligible for some of the retroactive changes under ERTA. Further, it was not entirely unreasonable, given an undoubted potential for claimed refunds and the resulting drain on the fisc, for Congress to limit the ability to change the original return and to make a new election to those estates whose return was due after a certain date, in this case July 28, 1980. While the rather ill-chosen method of drafting this statute has produced the unfortunate result, in this case, of depriving plaintiffs of a substantial benefit to which they would have been entitled had the decedent died seven weeks later, this is the language Congress has chosen, and this Court is powerless to change it.[1] Judgment must accordingly be entered for defendant.

This opinion constitutes the Court's findings of fact and conclusions of law.

1. Plaintiffs also argue that their authorization to seek this refund can be found in § 421(k)(5)(D), which states that "if ... the making of a ... refund of any overpayment of tax resulting from the amendments described in subparagraph (A) [including § 421(b)(1) ] is barred by any law or rule of law, such ... refund shall nevertheless be made if claim therefor is made before February 17, 1982." This court must agree with defendant, however, that any claim for refund under § 421(k)(5)(A) that might arise must be construed in light of the explicit limitations imposed on § 421(k)(5)(A) by § 421(k)(5)(B), including the requirement that the special use valuation has been timely made, and that § 421(k)(5)(D) does not override these limitations.